**UNITED STATES DISTRICT COURT**
**DISTRICT OF ALASKA**

| |
|---|
| BRETT ALAN JAMES TALMADGE,<br><br>Petitioner,<br><br>vs.<br><br>EARL HOUSER,<br><br>Respondent. |

3:22-CV-00202-SLG-MMS

**REPORT AND RECOMMENDATION ON 18 U.S.C § 2241 PETITION [DKT. 1]**

Petitioner Brett Alan James Talmadge ("Talmadge") has asked this Court to dismiss two ongoing state prosecutions. Respondent Earl Houser ("Houser") objects on the basis of abstention. This Court agrees that *Younger* and *Arevalo* are controlling and recommends the dismissal of the petition.

## I.    SUMMARY OF RECOMMENDATION FOR *PRO SE* PETITIONER

Although Talmadge is represented by Assistant Federal Defender Michael Marks, his petition rests on his pro se filings. As such, this Court provides the following summary of this Report and Recommendation for Mr. Talmadge's benefit.

You are understandably frustrated with the time that it has taken to resolve your cases. Pretrial detention, in addition to being a heavy burden on your liberties, often carries with it worse outcomes for defendants, including higher rates of conviction, longer

1

sentences, and a greater risk of recidivism.[1]  Nevertheless, at times the law does require

that a defendant be detained prior to their trial.  This highlights the importance of the Sixth

Amendment right to a Speedy Trial, but the Constitution and federal law place limits on

how, when, and to whom your objections can be made.  The record reflects that you have,

through counsel, been a participant in the repeated decisions to delay your trial, and that

COVID-19 otherwise justified the departure from typical procedures in holding jury trials.

Federal courts have limited authority.  The states and the federal government share

a country, but they do not always share jurisdiction over the same matters.  Before a federal

court will intervene in a state prosecution, it must be assured that the trial court is an

ineffective forum for a defendant to assert his federal rights, as opposed to his state rights.

In other words, if you have remaining avenues to remedy any wrongs by the state, you need

to pursue those before a federal court will consider the case.

Violations of state law are rarely within the purview of federal courts.  State courts

retain the discretion to interpret the laws and constitutions of their state.  Federal courts

accept the states' interpretation, focusing instead on federal statutes and the federal

Constitution.  This means that certain state laws and procedures, such as the forms and

filings that the state must file to prosecute your cases, are in the hands of the state court.

---

[1] *See*, Emily Leslie & Nolan G. Pope, *The Unintended Impact of Pretrial Detention on Case Outcomes: Evidence from New York City Arraignments*, 60 J.L. & ECON. 529 (2017) (reviewing data to show worse outcomes for detainees); John D. Parron, *Pleading for Freedom: The Threat of Guilty Pleas Induced by the Revocation of Bail*, 20 U. PA. J. CONST. L. 137, 138 (2017) (discussing the potential for innocent defendants to plea guilty when in pretrial detention).

Additionally, violations of the Alaska Constitution should be addressed by the Alaska courts. This may include, but does not have to, appealing your case.

You have two weeks to object to this Report and Recommendation, and you may wish to discuss any appeal with Mr. Marks. You have five pages to explain what you think is specifically wrong about this Report and Recommendation. It can be an objection to the facts or the legal analysis. If you object, the government can respond. The District Court then considers your objections (if you file them) and will agree or disagree with you, and then rule on your motion. This information is included in the last page, so please make sure to carefully read it.

This is just a summary. The Report and Recommendation is below.

## II.    BACKGROUND

### 2019 Arrest

In 2009, Talmadge was convicted for sexually abusing a child, including three counts of second-degree sexual abuse of a minor and one count of attempted second-degree sexual abuse of a minor.[2] The Alaska Court of Appeals affirmed these convictions. *Id.* at *5. When that appeal was pending, Talmadge filed a state post-conviction relief application, but his attorney submitted a certificate of no merit, on which the trial court relied when denying his application.[3] The Alaska Court of Appeals reversed, finding that relying on this certificate was inadequate. *Id.* Talmadge then alleged ineffective assistance

---

[2] *Talmadge v. State*, No. A-10765, 2013 WL 784884, at *1 (Alaska App. Feb. 27, 2013).
[3] *Talmadge v. State*, No. A-12835, 2018 WL 4361153 at *1 (Alaska App. Sept. 12, 2018).

of counsel, which was denied.[4]  Talmadge appealed, and as of today, the Alaska Court of

Appeals has not issued a ruling.[5]

In 2016, Talmadge was placed on supervised release, conditioned on him not having

contact with minor children outside the presence of an approved adult and remaining within

his region of residence.[6]  Talmadge was arrested for violating these terms on September

18, 2019.  *Id.* at 6.  On September 19, Talmadge was arraigned, the trial court set bail, he

was appointed a public defender, and an adjudication hearing was scheduled for September

24.[7]

On September 24, his attorney asked for a continuance to the 26th.[8]  At the

September 26th hearing, Talmadge's counsel asked for another continuance to review

discovery and meet with Talmadge.[9]  The state then filed a supplemental petition alleging

further violations of probation conditions.[10]  The state further requested an unopposed

continuance based on a witness issue, and Talmadge filed a motion seeking specific records

from the Office of Children's Services.[11]  Talmadge requested a continuance until the court

resolved that motion, which was fully briefed, decided, and complied with in July 2020.[12]

//

---

[4] *Talmadge v. State*, Alaska App. A-14118.
[5] *Id.*
[6] *See*, Dkt. 20, Ex. 1 at 1–3.
[7] *See*, Dkt. 20, Ex. 2 at 2–3; Ex. 3 at 33; Ex. 4 at 3PA-09-125 ("2009 Case") Audio File 000 at 5:30 – 5:45.
[8] *See generally*, Dkt. 20, Ex. 4 at 2009 Case Audio File 001.
[9] *See generally*, *id.* at Audio File 002.
[10] *See*, Dkt. 20, Ex. 5.
[11] *See*, Dkt. 20, Exs. 6–8.
[12] *See*, Dkt. 20, Exs. 9 and 10–12.

### 2019 Charges

On December 18, 2019, a grand jury found probable cause to return an indictment charging Talmadge with additional counts of child sex abuse.[13] On December 24th, Talmadge was arraigned on these charges.[14] On January 14th, the state supplemented the revocation of release matter to include these new charges.[15] On February 4th, the court scheduled an adjudication hearing for April 30th to resolve discovery matters, and a trial for May 18th.[16] However, the discovery issues were not resolved until July, which delayed the trial.[17]

### Subsequent Delays

The revocation of probation and the new charges continued in tandem.[18] Before the discovery issues were resolved, COVID-19 spread to the United States and Alaska, prompting the courts to suspend in-person jury trials.[19] Jury trials did not resume as normal until mid-2021.[20] Beginning in August 2020, criminal defendants could petition the trial court to have a trial during this time, provided there were exceptional circumstances and the parties agreed to adhere to social distancing protocols.[21] Talmadge never petitioned

---

[13] Dkt. 20, Ex. 14.
[14] Dkt. 20, Ex. 15.
[15] Dkt. 20, Ex. 16.
[16] Dkt. 20, Ex. 4 at 3PA-19-47CR ("2019 Case"), Audio File 001.
[17] Dkt. 20, Ex. 13.
[18] *See generally*, Dkt. 20, Ex. 4 2019 Case Audio Files, continuing the cases together.
[19] *See Special Order of the Chief Justice*, No. 8131 (March 19, 2020).
[20] *See Special Order of the Chief Justice*, No. 8259 (April 6, 2021); *Special Order of the Chief Justice*, No. 8289 (June 21, 2021).
[21] *See Special Order of the Chief Justice*, No. 8183 (August 6, 2020).

under this exception.   Between June 2020 and December of 2021, the trial court held

several pretrial hearings.  At each, Talmadge's counsel requested a continuance.[22]

In January 2022, Talmadge moved the state court to dismiss the charges connected

to the 2019 indictment.[23]  This was fully briefed, and the court denied his motion in June,

2022.[24]   The court held two more pretrial hearings the next two months, and at each

continued the trial at the request of Talmadge.[25]   In August, Talmadge again moved to

dismiss, with briefing concluding in December.[26]  Evidentiary hearings on this motion were

held in February and March of 2023.[27]   Post-hearing briefs were filed in April and May,

and the second motion to dismiss was denied.[28]   The trial is currently scheduled for the

week of October 30, 2023.  *Id.*

On September 13, 2022, Talmadge filed this petition.   From September to

December, Talmadge supplemented it with three memoranda.[29]   He was appointed counsel

and given leave to file a counsel reply to the state's Answer.[30]   On August 3, 2023, his

counsel submitted a Reply to the Answer.[31]

//

---

[22] *See*, Dkt. 20, Ex. 4, 2019 Case Audio Files 002–009.  Notably, these extensions were often opposed by the victim's mother.
[23] *See generally*, Dkt. 20, Ex. 17.
[24] *See*, Dkt. 20, Ex. 17.
[25] *See*, Dkt. 20, Ex. 4, 2019 Case Audio Files 012–13.
[26] *See*, Dkt. 20, Exs. 19–23.
[27] *See*, Dkt. 20, Ex. 4, 2019 Case Audio Files 016 and 018.
[28] *See*, Alaska Court System Courtview Publica Access Website, records.courts.alaska.gov, Case No. 3PA-19-02947CR.
[29] Dkts. 3, 4, and 6.
[30] Dkts. 9 and 23.
[31] Dkt. 24.

### III.    PETITION

Talmadge petitioned this Court for a Writ of Habeas Corpus under 18 U.S.C. § 2241, arguing (1) that the lack of a probable cause hearing for his probation revocation case is in violation of the Fourth and Fourteenth Amendments; (2) that his Sixth and Fourteenth Amendment right to a Speedy Trial has been violated; (3) that his counsel has provided ineffective assistance for not filing motions on the prior violations; (4) that the state court and the Alaska Supreme Court violated the Alaska Constitution regarding the COVID-19 procedures; and (5) that the state court lacked personal jurisdiction under state law.[32]  For these violations, Talmadge request that this Court dismiss the state prosecution.  *Id.*

The state responded (1) that *Younger v. Harris*[33] abstention is appropriate here; (2) that Talmadge is required to exhaust his state remedies under § 2241 and has not yet done so; and (3) that his substantive claims are without merit.[34]

Talmadge filed a counseled reply,[35] which submitted on his previous pleadings and suggested that this Court withhold judgment until an appeal before the Ninth Circuit is resolved.[36]  No hearings were held.

The question before this Court is whether it should abstain from judgment in these proceedings under *Younger*.  This Court concludes that it should.

---

[32] *See generally*, Dkts. 3, 4, and 6.
[33] 401 U.S. 37 (1971).
[34] *See generally*, Dkt. 20.
[35] Dkt. 24.
[36] *See*, *Hiratsuka v. Houser*, No. 22-35180 (9th Cir. Sept. 5, 2023) (affirming the finding that *Younger* abstention is appropriate.).

This Court hereby issues its Report and Recommendation regarding Talmadge's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241. Dkt. 1. For the reasons below, Talmadge's Petition should be **DISMISSED** without prejudice. 28 U.S.C. § 636(b)(1)(B).

## IV. LEGAL STANDARD

### 28 U.S.C. § 2241

28 U.S.C. § 2241 provides a procedural vehicle for a state detainee who has not been convicted by a final state court judgment to challenge that detention on the ground that it is "in violation of the Constitution or laws or treaties of the United States." As such, relief under § 2241 can only be afforded in the event of a violation of federal law.[37] A petitioner must also have exhausted the state court remedies before pursuing a claim under 28 U.S.C. § 2241.[38] Exhaustion is a practice of "judicial restraint," as federal courts may elect to not exercise their jurisdiction under Sec. 2241 until the state processes have concluded.[39]

### *Younger* Abstention

In *Younger v. Harris*, the Supreme Court held that a federal court should abstain from interfering with a pending state criminal proceeding.[40] A federal court, "anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of

---

[37] *See*, *Swarthout v. Cooke*, 562 U.S. 216, 219 (2011) ("We have stated many times that 'federal habeas relief does not lie for errors of state law.'") (quoting *Estelle v. McGuire*, 502 U.S. 62, 67 (1991)).
[38] *See*, *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 491–92 (1973).
[39] *Carden v. State of Mont.*, 626 F.2d 82, 83 (9th Cir. 1980).
[40] 401 U.S. 37, 41 (1971).

Case 3:22-cv-00202-SLG-MMS   Document 25   Filed 09/11/23   Page 8 of 16

the States." *Id.* at 44. *Younger* abstention is "rooted in overlapping principles of equity, comity, and federalism."[41] "[T]he National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways."[42]

Abstention is appropriate when:

(1) there is 'an ongoing state judicial proceeding'; (2) the proceeding 'implicate[s] important state interests'; (3) there is 'an adequate opportunity in the state proceedings to raise constitutional challenges'; and (4) the requested relief 'seek[s] to enjoin' or has 'the practical effect of enjoining' the ongoing state judicial proceeding.[43]

Absent "bad faith, harassment, or other extraordinary circumstances," a federal court should abstain when the above factors are met.[44] For instance, a federal court may order a state trial court to have an *immediate* trial to protect the Sixth and Fourteenth Amendment right to a Speedy Trial.[45] Another such exception is to protect a defendant's right against Double Jeopardy.[46]

**Speedy Trial**

As to Speedy Trial, "extreme delay" can convince a federal court that the state court is an ineffective forum.[47] "When a state handles his case in glacial fashion, a prisoner need not wait for global warming to set in .... before being entitled to present to a federal court

---

[41] *Arevalo v. Hennessy*, 882 F.3d 763, 765 (9th Cir. 2018).
[42] *Younger*, 401 U.S. at 44.
[43] *Arevalo*, 882 F.2d at 765. (citing *ReadyLink Healthcare, Inc. v. State Comp. Ins. Fund*, 754 F.3d 754, 758 (9th Cir. 2014)).
[44] *Page v. King*, 932 F.3d 898, 902 (9th Cir. 2019).
[45] *Braden v. 30th Jud. Cir. Ct. of Kentucky*, 410 U.S. 484, 495 (1973).
[46] *See*, *Justices of Boston Mun. Court v. Lydon*, 466 U.S. 294, 300–03 (1984); *Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992).
[47] *Edelbacher v. Calderon*, 160 F.3d 582, 585 (9th Cir. 1998).

9

his challenge to the judgment of conviction."[48]  However, this delay must be attributed to

"ineffective state process," rather than the petitioner.  *Id.*

Controlling Ninth Circuit precedent further speaks to Speedy Trial in the context of

COVID-19.  The pandemic posed a critical question of how to protect both public health

and the Speedy Trial rights of criminal defendants.  While the implementation of safety

protocols was often confusing and subject to rapid change as public health officials

published updated advice, the Ninth Circuit found that the exigencies caused by the

pandemic justified delaying jury trials.[49]  Speedy Trial was "not cast aside" by the state's

emergency orders, as the unprecedented crisis necessitated this caution.  *Id.* at 1049.

## V.    ANALYSIS

### a.    *Younger* abstention is appropriate in cases where, as here, the petitioner is requesting that a Federal Court dismiss a state prosecution.

*Younger* and *Arevalo* are controlling in this case.  Talmadge asks this Court to

dismiss with prejudice two ongoing criminal prosecutions.  Not only does this satisfy the

first prong of *Younger* abstention, but the request to dismiss the prosecution has "the

practical effect of enjoining" the Alaska trial court.

Furthermore, these proceedings implicate important, if not compelling, state

interests.  The safety of the community, particularly children, is certainly a concern of the

state.    "The prevention of sexual exploitation and abuse of children constitutes a

government objective of surpassing importance."[50]  "[T]he protection of children from

---

[48] *Id.* at 586 (citing *Burris v. Farley*, 51 F.3d 655, 658 (7th Cir.1995)).
[49] *United States v. Olsen*, 21 F.4th 1036, 1046 (9th Cir. 2022).
[50] *New York v. Ferber*, 458 U.S. 747, 757 (1982).

harm, whether moral, emotional, mental, or physical, is a valid and compelling state interest."[51] For this Court to divest Alaska of this interest, it must find that Talmadge cannot vindicate his rights in the state courts first.

However, he can do so. First, he has appellate rights under Alaska law, and he has availed himself of that option several times. For instance, Talmadge appealed his sentence and conviction prior to these appeals, though those trial court decisions were affirmed.[52] Separately, Talmage appealed to and convinced the Alaska Court of Appeals that relying on his former counsel's certification of no merit was improper.[53] Further, he has another appeal pending at this time.[54] The ability for Talmadge to file appeals such as these is enough to convince this Court that Alaska courts remain an adequate forum, but its decision is buttressed by the fact that Talmadge can raise the claims in his petition in the concurrent proceedings in the trial court. Since filing this petition, Talmadge has had multiple pretrial hearings with a court that appears to be engaged and is actively working to move his cases forward.

Talmadge posits that some of his claims, particularly that the Alaska Supreme Court was improper in issuing its special orders regarding the COVID-19 Pandemic, would not receive fair consideration in Alaska Courts.[55] This Court does not find this persuasive.

---

[51] *Dutchess v. Dutch*, No. S-18109, 2022 WL 701866, at *3 (Alaska Supreme Court Mar. 9, 2022) (citing *Roberts v. Roberts*, 586 S.E.2d 290, 295 (Va. App. 2003).

[52] *Talmadge v. State*, No. A-10765, 2013 WL 784884, at *1 (Alaska Ct. App. Feb. 27, 2013).

[53] *Talmadge v. State*, No. A-12835, 2018 WL 4361153 at *1 (Alaska App. Sept. 12, 2018).

[54] *Talmadge v. State*, Alaska App. A-14118.

[55] Dkt. 3 at 2–3.

First, to rule that the Alaska Supreme Court is incapable of ruling on its own orders would violate the very notions of comity and federalism upon which *Younger* is based. Second, even if this postulate were true, the proper remedy would be to appeal from or collaterally attack an adverse decision from the Alaska Supreme Court, rather than have this Court dismiss the trial at this time.

With these considerations in mind, this Court finds *Younger* abstention appropriate.[56]

### b. Talmadge's substantive claims either lack merit or are outside of the jurisdiction conferred under 28 U.S.C. § 2241.

As a threshold matter, to the extent that Talmadge asks this Court for relief based on state law violations, this Court should dismiss due to lack of subject matter jurisdiction conferred by Sec. 2241. Talmadge's arguments as to the whether state law permitted the Alaska Supreme Court to make its pandemic-related protocols, whether the state trial court had personal jurisdiction based on state law, and whether state law required a specific probable case hearing and fillings are outside of the purview of this Court.

His other claims, as to the requirement of a suspension revocation probable cause determination under federal law, as to his right to a speedy trial, and his right to effective assistance of counsel, also fall short.

1. The lack of a probable cause hearing is not in violation of federal law.

---

[56] As noted *supra*, precedent on Sec. 2241 also requires exhaustion of state remedies. Because this Court finds *Younger* abstention appropriate, it need not consider whether the Sec. 2241 petition is ripe for substantive consideration, though many of the same facts discussed in this section would also be applicable to whether the petition is ripe.

12

Talmadge argues that his right to a probable cause determination was violated by the state.  The state argues that because the delay was attributable to Talmadge, he does not have a viable probable cause ground.[57]  This Court agrees with the state.

The Constitution recognizes the liberty interest implicated by a supervised releasee's revocation of release.  *See Morrissey v. Brewer*, 408 U.S. 471, 482 (1972) ("By whatever name, the liberty is valuable and must be seen as within the protection of the Fourteenth Amendment. Its termination calls for some orderly process, however informal.").  At a minimum, this requires "an informal hearing structure to assure that the finding of a parole violation will be based on verified facts[. . .]".  *Id.* at 484.

While the lack of such hearing gives this Court initial pause, Talmadge either asked for, or did not object to continuances stretching into 2020 and beyond.[58]  Furthermore, when Talmadge was arraigned for his 2019 charges, he was not only found by the grand jury to have committed new offenses by probable cause, but his bail conditions were set.[59] *Morrison* applies to the question of probable cause in the revocation of release.  If new and separate charges are brought, the probable cause protections attached to grand jury determinations are applicable.

Talmadge does not argue that the grand jury was not impartial or that the evidence presented before it was either improper or did not amount to probable cause.  Instead, he focuses on the revocation of his release in the 2009 case.  Without considering the further

---

[57] Dkt. 20 at 25–29.
[58] *See* discussion of the 2009 case *supra*.
[59] Dkt. 20, Ex. 4, 2019 Case, Audio File 000.

delays and their relation to the COVID-19 Pandemic, the lack of a probable cause hearing is both moot and of his own doing. As such, this Court does not find that there is due process violation here, even if *Younger* is not applicable.

2. Talmadge similarly does not have a claim under the right to Speedy Trial.

As discussed *supra*, the right to a speedy trial does not permit a defendant to complain of delay that was caused by his own doing. Also discussed *infra*, the COVID-19 protocols complied with his Constitutional rights. Talmadge, through counsel and through not opposing motions by the state, has permitted this matter to take this long. Although he could have objected in the state court to the prosecution's motions for continuance, he did not do so. His multiple motions to dismiss and discovery requests have delayed the matters further. As such, this Court does not find that there is a Speedy Trial violation here, even if *Younger* is not applicable.

3. Talmadge cannot claim ineffective assistance in this Court at this time.

Talmadge argues that he has received ineffective assistance of counsel.[60] The state responds that (1) his claim is not ripe because trial has not concluded; (2) that the claims he wishes to bring are incorrect on their merits; and (3) his attorneys' conduct falls short of the high bar to find them ineffective.[61]

While the state is correct that it is difficult to address on habeas an ineffectiveness of counsel claim, this Court also wants to note that the remedy in this case would not be to dismiss the prosecutions. Instead, the proper remedy would be to appoint new counsel.

---

[60] Dkt. 3 at 4–5.
[61] Dkt. 20 at 37–39.

For the same reasons as above, namely ripeness to bring this action in federal court, this Court will not reach the merits of this claim. However, if Talmadge wishes to pursue this claim, the state court would be the proper forum.

4.  The state's pandemic-related orders did not violation the Constitution.

The Alaska Supreme Court also did not violate the Constitution with its pandemic-related orders. As discussed *supra*, the Ninth Circuit in *Olsen* analyzed the extraordinary circumstances surrounding the COVID-19 Pandemic and found that a temporary suspension of jury trials did not violate the right to a speedy trial. As such, even if this Court were to consider Talmadge's grounds substantively, this is not "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241.

## VI.    CONCLUSION

For the reasons set forth above, Talmadge's Petition should be **DISMISSED** without prejudice. 28 U.S.C. § 636(b)(1)(B).

DATED this 11th day of September, 2023, at Anchorage, Alaska.

_____
MATTHEW M. SCOBLE
CHIEF U.S. MAGISTRATE JUDGE

Pursuant to D. Alaska Loc. Mag. R. 6(a), a party seeking to object to this proposed finding and recommendation shall file written objections with the Clerk of Court no later than the CLOSE OF BUSINESS on September 25, 2023. Failure to object to a magistrate judge's findings of fact may be treated as a procedural default and waiver of the right to contest those findings on appeal. *Miranda v. Anchondo*, et al., 684 F.3d 844 (9th Cir. 2012). The Ninth Circuit concludes that a district court is not required to consider evidence introduced for the first time in a party's objection to a magistrate judge's recommendation. *United States v. Howell*, 231 F.3d 615 (9th Cir. 2000). Objections and responses shall not exceed

15

five (5) pages in length and shall not merely reargue positions presented in motion papers. Rather, objections and responses shall specifically designate the findings or recommendations objected to, the basis of the objection, and the points and authorities in support. Response(s) to the objections shall be filed on or before the CLOSE OF BUSINESS on October 2, 2023. The parties shall otherwise comply with provisions of D. Alaska Loc. Mag. R. 6(a). Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment. *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).