IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| BRETT ALAN JAMES TALMADGE,<br><br>     Petitioner,<br><br>   v.<br><br>EARL HOUSER,<br><br>     Respondent. | Case No. 3:22-cv-00202-SLG-KFR |

## ORDER RE REPORT AND RECOMMENDATION

Before the Court at Docket 1 is Petitioner Brett Alan James Talmadge's *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*. This matter was referred to the Honorable Magistrate Judge Kyle F. Reardon. At Docket 25 Judge Reardon issued a *Report and Recommendation* in which he recommended that the petition be dismissed. Petitioner responded with objections at Docket 30. Petitioner also filed an unopposed *Motion for Leave to File Oversize Brief* at Docket 28, and a *Motion for Expedited Consideration of Motion for Leave to File Oversize Brief* at Docket 29 that the Court granted at Docket 31. Respondent Houser filed a response to the objections at Docket 32.

The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1). That statute provides that a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[1] A court is

---
[1] 28 U.S.C. § 636(b)(1).

to "make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made."[2] However, § 636(b)(1) does not "require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."[3]

The Magistrate Judge recommended that the Court dismiss the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241*. Mr. Talmadge first objects to the recommendation that the Court apply *Younger* abstention so as not to determine Mr. Talmadge's claim that the Alaska Supreme Court's COVID order violated his federal constitutional rights. But on de novo review, the Court agrees with the Magistrate Judge's analysis that *Younger* abstention should apply. Mr. Talmadge further asserts that the Magistrate Judge's reliance on the Ninth Circuit decision of *United States v. Olsen*, 21 F.4th 1036 (9th Cir. 2022) is misplaced because that decision "is wrong";[4] but this Court has no authority to disregard controlling Ninth Circuit precedent. And the federal Speedy Trial Act is applicable only to federal criminal cases, not state prosecutions. Accordingly, on de novo review, the Court rejects these arguments and adopts the Report and Recommendation on this claim.

---

[2] *Id.*

[3] *Thomas v. Arn*, 474 U.S. 140, 150 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).

[4] Docket 301 at 5.

Case No. 3:22-cv-00202-SLG-MMS, *Talmadge v. Houser*
Order re Final Report and Recommendation
Page 2 of 4
Case 3:22-cv-00202-SLG-MMS   Document 33   Filed 11/14/23   Page 2 of 4

Mr. Talmadge also asserts that he was not present at the majority of his state court proceedings and did not waive his right to appear. Notably, this assertion was not included in his September 2022 pro se petition; nor did he raise this point in his two subsequent pro se memoranda filed in this action.[5] And at a state court hearing at which Mr. Talmadge testified in some detail about a letter regarding his desire to testify to the grand jury, held in March 8, 2023, at no point did he indicate that he had been unable to appear at other court proceedings in that case up to that point.[6] Rather, the issue was first raised to this Court after the Magistrate Judge observed that Mr. Talmadge, by seeking continuances through counsel and not objecting to the State's continuance requests, "has permitted [the state court] matter to take this long."[7] This Court has discretion, but is not required, to consider evidence presented for the first time in a party's objections to a magistrate judge's recommendation.[8] Here, no additional evidence has been presented; rather, Mr. Talmadge advances a new argument without presenting any evidence that would have been readily available to him to present (i.e. transcripts of each of the state court hearings that presumably would have shown

---

[5] *See* Dockets 1, 6, and 7.

[6] *See* Docket 20-3 (transcript of March 8, 2023 evidentiary hearing).

[7] Docket 25 at 14.

[8] *United States v. Howell*, 231 F.3d 615, 622-23 (9th Cir. 2000).

Case No. 3:22-cv-00202-SLG-MMS, *Talmadge v. Houser*
Order re Final Report and Recommendation
Page 3 of 4
Case 3:22-cv-00202-SLG-MMS   Document 33   Filed 11/14/23   Page 3 of 4

who was present and not present at each such hearing) but such evidence has not been provided. Thus, the Court declines to consider this new assertion.

The Court has otherwise reviewed the Final Report and Recommendation and agrees with its analysis.

Accordingly, the Court adopts the Report and Recommendation in its entirety, and IT IS ORDERED that the *Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241* is DISMISSED. A Certificate of Appealability shall not issue.[9] Mr. Talmadge may request a Certificate of Appealability from the Ninth Circuit Court of Appeals.[10]

DATED this 14th day of November, 2023, at Anchorage, Alaska.

/s/ Sharon L. Gleason
UNITED STATES DISTRICT JUDGE

---

[9] 28 U.S.C. §2253(c)(2). *See also Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (a certificate of appealability may be granted only if applicant made a "substantial showing of the denial of a constitutional right," *i.e.*, a showing that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.") (internal quotations and citations omitted)).

[10] *See* 9th Cir. R. 22-1; Fed. R. App. P. 22(b).

Case No. 3:22-cv-00202-SLG-MMS, *Talmadge v. Houser*
Order re Final Report and Recommendation
Page 4 of 4
Case 3:22-cv-00202-SLG-MMS   Document 33   Filed 11/14/23   Page 4 of 4